IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT BRADLEY BYRNE    :
                        :
v.                      :   CIVIL NO. CCB-05-2382
                        :
TOWSON FORD SALES, INC. et al.  :

...o0o...

**MEMORANDUM**

Now pending in this case are the plaintiff's motion for remand, filed September 7, 2005 and the plaintiff's second motion for leave to amend his complaint, filed November 3, 2005.[1] For the reasons stated below, the motions will be granted.

To the extent the plaintiff's Third Amended Complaint, filed in state court, arguably can be read to invoke federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. § 1684, et seq., removal was not improper. I will therefore not remand the case under 28 U.S.C. § 1447(c). I will grant, however, plaintiff's second motion to amend his complaint. The plaintiff's actions do not suggest any motive to engage in tactical forum manipulation. *See Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) (granting leave to amend where the plaintiff made a good faith representation that he did not intend to allege a federal claim); *cf. Newman v. Motorola Inc.*, 218 F.Supp.2d 783, 786-87 (D. Md. 2002) (denying plaintiff's post-removal joinder of a nondiverse defendant based partly on circumstances that "strongly suggest[ed]" a motive to defeat federal jurisdiction).

The Fifth Amended Complaint does not allege a federal cause of action. With no other

---

[1] The plaintiff's initial motion for leave to amend, filed September 14, 2005, was withdrawn.

basis to sustain federal jurisdiction in the case, despite the defendants' arguments to the contrary, I will invoke my discretion to decline supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("Whenever the basis for federal jurisdiction evaporates, Congress has provided for discretion. There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction.") (emphasis in original). I note that this case had made significant progress in state court before the amendment that led to removal. Comity and judicial economy therefore weigh in favor of remand.

Accordingly, this case will be remanded to the Circuit Court for Baltimore County. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir.2001) ("[W]e conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.").

A separate Order follows.

    November 29, 2005                                               /s/
        Date                                                     Catherine C. Blake
                                                                 United States District Judge